# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1317
_____

Michele Rose, also known as Michele Rose Bernstein

*Plaintiff - Appellant*

v.

Midland National Life Insurance Company

*Defendant*

v.

Estate of Joel S. Bernstein

*Third Party Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 11, 2019
Filed: April 2, 2020

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Michele Rose filed suit against her ex-husband's estate alleging that his life insurance proceeds rightly belong to her. Because Rose had not produced a court order or a valid contract expressly designating her as the beneficiary, the district court[1] held that New Jersey Statute § 3B:3-14 revoked her beneficiary designation and granted judgment to the Estate. Rose appeals claiming that the district court erred by finding that the Interspousal Agreement could not be orally amended, making a credibility finding about an oral amendment, and determining that an oral agreement was not a contract under § 3B:3-14. We affirm.

I.

Rose married Joel S. Bernstein in 1984. During their marriage, Bernstein purchased a $130,000 life insurance policy that named Rose as the beneficiary. In August 1989, they agreed to divorce and executed an Interspousal Agreement disposing of some marital property. The agreement did not discuss the policy. It also required that any modification or waiver of any provision be "made in writing and executed with the same formalities as this Agreement."

Rose claims that after signing the Interspousal Agreement and before the divorce decree issued Bernstein orally agreed to modify the Interspousal Agreement. Specifically, Bernstein would continue paying premiums on the life insurance policy and keep her as the beneficiary. He told her that he would "tell his attorney" to make the changes, Rose Dep. 19:11–12, but she never signed anything that modified the Interspousal Agreement, *id.* at 19:25–20:7.

A New Jersey court held a final divorce hearing and entered a Final Judgment of Divorce on June 28, 1990. The judgment incorporates the Interspousal Agreement.

_____

[1] The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

On the copy of the Final Judgment submitted to the district court,[2] there are handwritten notations stating that the Interspousal Agreement was "orally amended" and that Rose could resume the use of her former name. In a different hand, there is a notation that indicates Bernstein agreed to pay Rose $200 per week for six months longer than the Interspousal Agreement provided. The judgment also does not mention the life insurance policy.

New Jersey law states that "[e]xcept as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals" a divorce revokes "dispositions or appointment of property made by a divorced individual to his former spouse in a governing instrument." N.J. Stat. Ann. § 3B:3-14. So unless the Interspousal Agreement or the Final Judgment expressly provides that Rose remains the beneficiary of the life insurance policy after the divorce, New Jersey law revokes the beneficiary designation to Rose.

The district court held that Rose could not prove the Interspousal Agreement was amended to address the policy and granted judgment to the Estate. Rose timely appealed.

II.

We review a grant of summary judgment *de novo*. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Summary judgment is proper when "there

---

[2] On appeal, Rose claims that the district court improperly made a credibility finding by relying on the Estate's copy of the judgment that included a notation extending spousal support for six months. Specifically, she claims that the Estate's copy materially differs from one submitted by a now-dismissed party, Midland Life Insurance Company, that does not have that notation. We disagree, but Rose waived this claim by failing to raise this issue before the district court. *Olga Despotis Tr. v. Cincinnati Ins. Co.*, 867 F.3d 1054, 1066 (8th Cir. 2017).

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact "affect[s] the outcome of the lawsuit." *Williams v. Medalist Golf, Inc.*, 910 F.3d 1041, 1045 (8th Cir. 2018). We draw all reasonable inferences in favor of the nonmoving party. *Id.* As "a federal court sitting in diversity, we apply the substantive law of the forum state." *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 635 (8th Cir. 2014). All parties agree that New Jersey law governs.

The gravamen of Rose's appeal is that the district court incorrectly held that the Interspousal Agreement and the Final Judgment could not be orally amended. By its plain terms, the Interspousal Agreement requires any modification to be in writing and executed with the same formalities as the agreement. *Guardian Life Ins. Co. of Am. v. Gonnella*, No. 19-2208, 2020 WL 1190996, at *3 (3d Cir. Mar. 12, 2020) (terms of New Jersey marital separation agreement prevented oral modification). At best, Rose's deposition showed the parties intended to change the Interspousal Agreement, as Bernstein would "tell his attorney," but not that the agreement had been amended.[3] Contrary to Rose's assertion, the district court only found that Rose had no proof any oral amendment to the Final Judgment related to the policy.

Rose also argues that her affidavit stating that the Final Judgment was orally amended to keep her as the beneficiary supplies a material disputed fact. In our view, this is neither here nor there. New Jersey law automatically revokes the beneficiary designation on divorce unless the "express terms" of a court order say otherwise. N.J. Stat. Ann. § 3B:3-14.

---

[3] This fact also defeats Rose's claim that this oral contract satisfies § 3B:3-14. We assume, but do not decide, that an oral contract is sufficient. *See Degelman v. Lincoln Nat'l Life Ins. Co.*, 2016 WL 3456920, at *5 (D.N.J. June 21, 2016) (oral contract allegations sufficient to survive motion to dismiss). Rose, however, has not shown a contract relating to the division of the marital estate.

Rose's affidavit cannot change the "express terms" of a court order.  The court order does not expressly mention the policy, let alone the beneficiary designation, and summary judgment is appropriate.

The district court's judgment is affirmed.

_____